Scott v. Renforth.

55] *to pass real estate, was repealed on the 22d December, 1824; 23 O. L. 16; and no seal to a will, for any purpose, has been required since that time. The objection to the will then upon that ground fails. This opinion does away the necessity of examining the other points in the case.

The verdict and judgment were entered for the defendant.

## SCOTT v. RENFORTH.

Slander—proof of the words—non suit—withdrawing a juror.

The words in slander must be substantially proven as laid in the declaration, and that they were uttered in the slanderous sense charged.
When there is a failure to prove the words laid in the declaration, a non suit will be ordered.

SLANDER. The declaration sets forth as inducement to this action, that the plaintiff was a journeyman brewer in the employ of one Metcalf, and charged two sets of words :

1st. He has been guilty of adultery. 2d. He puts tobacco in the ale and porter manufactured by Metcalf.

Plea, not guilty.

Woodward testified, that Renforth asked him if he knew what was in the beer, &c., and on receiving a reply in the negative, said there is tobacco, and I was ordered to put it in by Scott.

Metcalf testified, that the defendant told him to put in tobacco, but he did not.

Reeves says, the defendant once said to him he could prove that tobacco was put in by Scott's orders, and afterwards said he did not put it in.

By other witnesses it was proven that the defendant said he had put some damned nasty stuff in by Scott's order, and if the people knew it, they would not drink it.

Winder swore the defendant said, Scott went to see Christy's wife, and went for nothing but to have connection with her.

Reeves swore, he said Scott had connection with Christy's wife, and that he had know'd her.

N. Wright, for defendant, moved for a non suit, and cited 1 Phil. Ev. 97 ; 5 Cowen 515, to establish the point, that words must be

Avery's Lessee *v.* Stites.

proven in *substance*, and in the *sense* and *manner* declared on, **and** contended that the proof here did not come up to the rule.

*Fox*, contra, cited 1 *Ch. Pl.* 383 ; 2 *John.* 59.

*BY THE COURT.   The rule is well settled, that you must [**56** substantially prove the words as laid in the declaration, and that they were spoken in the manner and sense charged; otherwise the proof does not sustain the declaration.   The proof here does not satisfy either requisition.   It is, that Scott told the defendant to put in the tobacco, and he did not.   This will not support the allegation in the declaration.   We are of opinion that neither set of words are proven.

A juror was withdrawn by consent and leave given to amend.

---

### AVERY'S LESSEE *v.* J. G. STITES.

Ejectment—identity of person—doubts.

Doubts should be resolved against persons upon whom rests the onus probandi. Where there is a conveyance of land to a person by *name*, and there be two of the *same* name, evidence is admissible to show which was intended.

EJECTMENT for lots 1 and 2 in Cincinnati.   The title papers exhibited for the plaintiff, were: A deed, P. Moore to Wm. McFarland, Jan. 18, 1804; McFarland to B. Mason, Aug. 7, 1809; Mason to L. Sayre, Nov. 8, 1811.

Proof was made that Sayre was in possession 16 or 17 years ago, and died, leaving the lessors of the plaintiff his heirs; that McFarland was in possession in 1806, and that the defendant was in possession for the last five years.

The defendant offered in evidence: A deed from J. C. Symmes to . William Miller, dated the 3d September, 1796, and made proof that the defendant was a grandson of William Mills of Westfield, New Jersey, who died some time since, and that the defendant went into possession in 1819, and built a house on the premises.

The plaintiff in rebutting, showed a deed of Thomas Doyle to P. Moore, in June, 1801, and offered evidence to prove that the lots were sold at auction in 1796, by a man then living at Cincinnati, who called himself William Mills, who was a yankee, and said he bought for Doyle; that Capt. W. Mills, of the army, was a friend of Doyle, and that Mills, of New Jersey, was never in the country.

BY THE COURT   The only questions for the jury seem to be